IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION, OXFORD

DONALD and JANET BETTS,
 individually, as the parents of
CHRISTOPHER ADAM BETTS,
deceased, and as the parents and
natural guardian of
JONATHAN WESLEY BETTS

      CIVIL ACTION NO. 3:04cv169-M-A
      JURY DEMAND

    Plaintiffs,

vs.

GENERAL MOTORS CORPORATION

    Defendant.

**ORDER**

Defendant General Motors Corporation ("GM") has filed a motion for summary judgment in this case, seeking dismissal on a number of grounds. Foremost among these grounds is GM's argument that plaintiffs' "glazing" action, seeking recovery for GM's decision to use tempered, rather than laminated, glass on the side windows of the 1988 GMC pickup truck at issue in this case,[1] is impliedly preempted by the operation of Federal Motor Vehicle Safety Standard 205 ("FMVSS 205"). FMVSS 205 has long permitted car manufacturers to utilize either laminated or tempered glass on side windows of vehicles, and defendant argues that to permit plaintiffs'

---

[1] Plaintiffs contend that the use of tempered, rather than laminated, glass side windows increases the risk of occupant ejections from vehicles in roll-over accidents similar to that which tragically claimed the life of plaintiffs' 18-year old son in this case.

1

glazing action to proceed would frustrate the objectives of the National Highway Traffic Safety Administration in enacting FMVSS 205.

In support of this argument, defendant relies upon *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861, 120 S.Ct. 1913 (2000), wherein the United States Supreme Court held in a similar context that to permit a plaintiff's "air bag" action to proceed would frustrate the objectives of the NHTSA in enacting Federal Motor Vehicle Safety Standard 208, which at one time permitted either safety belts or air bags to be used in vehicles. Until very recently, however, there had (apparently) been no published federal or state decisions interpreting whether FMVSS 205 impliedly preempts glazing actions similar to the present one. On April 25, 2006, however U.S. District Judge A. Joe Fish of the Northen District of Texas granted summary judgment on implied preemption grounds in *Ohara v. GM*, 3:05cv1134 (ND Tex), a glazing case which appears to contain numerous similarities to the instant case. This case and *O'Hara* share a common plaintiff's counsel, and this counsel has informed the court that the plaintiffs in *O'Hara* intend to appeal Judge O'Hara's ruling to the Fifth Circuit Court of Appeals.

Given the numerous legal uncertainties in this case, the court concludes that the proper course of action is to stay the instant litigation until the Fifth Circuit has had an opportunity to consider the implied preemption issues in *O'Hara*. The court is aware that the appeal process can be a lengthy one, and it does not take the decision to stay this action lightly. It is apparent, however, that the preemption issue is central to this case, and it is essential that some legal clarity be brought to this issue before the court might proceed.

In light of the foregoing, it is ordered that this action is stayed pending the Fifth Circuit's ruling in *O'Hara*, and the trial previously set for this June is continued indefinitely. The

numerous pre-trial motions [33-1, 57-1, 64-1, 67-1, 69-1, 78-1, 80-1, 89-1, 91-1, 93-1, 103-1, 107-1, 110-1, 122-1, 126-1, 127-1, 134-1, 139-1, 145-1] filed by the parties are hereby dismissed without prejudice to re-filing at a later date. Following the Fifth Circuit's ruling in *O'Hara*, the parties should submit revised summary judgment briefings addressing the status of this case in light of the Fifth Circuit's ruling.

So ordered, this the 27th day of April, 2006.

                                  **/s/ Michael P. Mills**
                                  **UNITED STATES DISTRICT JUDGE**