IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION, OXFORD

| | | |
|---|---|---|
| DONALD and JANET BETTS, individually, as the parents of CHRISTOPHER ADAM BETTS, deceased, and as the parents and natural guardian of JONATHAN WESLEY BETTS | } } } } } } } } | |
| | } | CIVIL ACTION NO. 3:04cv169-M-A |
| Plaintiffs, | } } | |
| vs. | } } | |
| GENERAL MOTORS CORPORATION | } } | |
| Defendant. | } | |

**ORDER**

This cause comes before the court on its own motion addressing certain issues relating to the disposition of this case.

On April 27, 2006, this court entered an order staying this case pending the Fifth Circuit's ruling in *Ohara v. GM*, 3:05cv1134 (ND Tex), a glazing case which appears to contain numerous similarities to the instant case. On November 20, 2006, the Fifth Circuit issued an opinion in *O'Hara* concluding that Federal Motor Vehicle Safety Standard ("FMVSS") 205, which governs motor vehicle glazing safety, does not preempt a common law suit alleging that GM's use of a permitted glazing technology was unsafe. *O'Hara v. General Motors Corp.*, --- F.3d ----, 2007 WL 4105758 (5th Cir. 2007). The Fifth Circuit accordingly reversed the ruling of the Texas

1

district court granting summary judgment to General Motors, and the Fifth Circuit remanded the case for trial.

It seems clear that, in light of *O'Hara*, it is necessary for this court to evaluate the status of this case. The parties have submitted a joint memorandum informing this court of same, and it is apparent that most of the outstanding issues before the court are pre-trial and/or summary judgment issues which it is not necessary to resolve at this time and which are, in any event, not properly before the court on motion of either party.[1] However, the court does deem it necessary to address, on its own motion, the plaintiffs' prior objection to the Magistrate Judge's February 6, 2006, order [66-1] denying them permission to substitute Dr. Steve Batzer in place of Don Phillips as their primary expert on their glazing claims. As noted by Judge Alexander in her ruling, plaintiffs fear that Mr. Phillips will be stricken by this court pursuant to *Daubert*, based upon rulings by Judge Pepper and an Alabama district court striking this expert in similar cases. In light of these prior rulings, this does not appear to be an unreasonable concern. It is apparent, however, that striking Phillips without giving plaintiffs an opportunity to substitute another expert would be tantamount to a summary judgment ruling in favor of defendant on plaintiffs' glazing claims.

In denying plaintiffs permission to substitute Dr. Batzer as an expert, Judge Alexander noted that the Fifth Circuit has established four factors for district courts to consider in determining whether the testimony of a late-designated expert witness should be permitted: (1)

---

[1]The parties' joint memorandum appears to indicate that the numerous motions which were at one time pending before this court remain pending today. This is incorrect, however, as these motions were dismissed without prejudice in this court's April 26, 2006 order. Accordingly, the parties should take stock of the current status of the case and submit new motions as they see fit.

the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). Judge Alexander correctly found that Dr. Batzer's testimony is crucial and that a continuance "could possibly cure any prejudice" resulting from the late designation of the witness. Judge Alexander nevertheless concluded that the fourth factor was not met since, she found, plaintiffs had failed to adequately explain their failure to timely designate Dr. Batzer.

It is apparent, however, that circumstances have changed since Judge Alexander's order was entered. In particular, a continuance is not merely a possibility, but rather an established fact, in light of the court's prior order staying and continuing this case pending the Fifth Circuit's decision in *O'Hara*. Moreover, the court agrees with Judge Alexander that this continuance has, in fact, provided an opportunity to cure any prejudice to defendant based on Dr. Batzer's late designation. It is thus apparent that three of the four *Campbell* factors are met in this case, and the court concludes that plaintiffs' explanation for Dr. Batzer's late designation is not so flimsy as to override the other three factors. In their motion, plaintiffs note that, while Judge Pepper had already stricken Phillips when he was designated as an expert in this case, it was not until October, 2005 that Phillips was stricken by an Alabama district court in another glazing case. Plaintiffs argue that they thus had little time to obtain a substitute expert and that they can not "reasonably take a chance that the use of Phillips as an expert will be struck by a judge hearing the present case and risk losing their case for want of an expert on liability."

Plaintiffs' explanation does not strike this court as being entirely unreasonable,

3

particularly considering that the Alabama district judge rejected the importance of additional testing which Phillips had performed in order to rehabilitate his credibility.[2] It thus appears that plaintiffs had at least some basis for hoping for a different result in the Alabama case (and in this one) than in the case before Judge Pepper. Accordingly, while plaintiffs clearly should have done a better job in selecting their glazing expert initially, the court does not view their actions in this regard to be so neglectful as to warrant a dismissal of the entire case.

The Fifth Circuit has stated that district courts should be reluctant to grant motions to dismiss as unopposed absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford,* 442 F.3d 917 (5th Cir. 2006). While *Johnson* clearly arose in a different context, the effect of not permitting the substitution of Dr. Batzer would very likely be just as dispositive as the granting of a motion for summary judgment. It does appear that Dr. Batzer is a superior witness to Mr. Phillips and that he would do a better job of assisting the jury in reaching an informed verdict in this case. Moreover, given that trial in this matter is set for late September, 2008, defendants will have more than adequate time to prepare to rebut his testimony. The court therefore concludes that plaintiffs should be permitted to name Dr. Batzer as a substitute expert witness in this case.

The court would caution, however, that while it has shown leniency as to plaintiffs' late designation of Dr. Batzer, it intends, as a general matter, to defer to the Magistrate Judge's prior and future rulings on discovery and related matters in this case. Accordingly, the issue of what

---

[2]It is true, however, that the Second Circuit Court of Appeals also found Mr. Phillips to be unqualified under *Daubert* in an automotive case. *Zaremba v. General Motors Corp.*, 360 F.3d 355, 359-60 (2nd Cir. 2004). This court does not intend to excuse plaintiffs' decision to retain Mr. Phillips; the only question is whether their lawsuit should be irrevocably doomed by their poor decision in this regard.

4

discovery and/or scheduling orders are necessary as a result of this court's ruling today is a matter within her discretion. It is this court's general intent, however, that defendant be given an opportunity to conduct whatever discovery is necessary for any prejudice resulting from this court's ruling today to be cured.

In light of the foregoing, it is ordered that the stay previously entered in this case is lifted and plaintiffs are hereby granted permission to name Dr. Batzer as a substitute expert witness in this case.

So ordered, this the 10th day of January, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**