IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION, OXFORD

DONALD and JANET BETTS,
 individually, as the parents of
CHRISTOPHER ADAM BETTS,
deceased, and as the parents and
natural guardian of
JONATHAN WESLEY BETTS

      CIVIL ACTION NO. 3:04cv169-M-A

    Plaintiffs,

vs.

GENERAL MOTORS CORPORATION

    Defendant.

## ORDER

This cause comes before the court on the plaintiffs' appeal of the Magistrate Judge's January 23, 2008 ruling granting defendant's motion to strike supplemental disclosures which were submitted by plaintiffs. The discovery deadline in this case passed on January 20, 2006, and plaintiffs first submitted their supplemental disclosures on October 22, 2007. The disclosures in question involve a series of laboratory tests performed by GM from 1983 to 1987 which, according to plaintiffs, compare the retention capabilities of laminated versus tempered glass in side windows. GM contends that the supplemental disclosures actually involve "laboratory test outlines," some of which involve "laminated glass or other alternative glazing in the side window of passenger car doors." This case involves allegations that a 1988 GM pickup

1

truck was unreasonably dangerous in that it utilized tempered side glass windows which, according to plaintiffs, failed to retain passengers during a rollover as well as laminated glass would have. Accordingly, GM's own test results on alternative glazing methods would appear to be, at least potentially, of significant relevance in this case.

In response to the motion, defendant notes that plaintiffs raise arguments on appeal which they did not raise before the Magistrate Judge. However, defendant's hands do not appear to be completely clean on this issue either. Plaintiffs assert that they first learned of GM's tests, "shortly before disclosing them to GM in this case," as part of discovery performed in another products liability case (in which they also serve as counsel) against GM in federal court in Indiana. *See Spencer v. General Motors*, No. 1:06cv1197 (S.D. Ind). Plaintiffs argue that GM committed a discovery violation by failing to produce these test results in this case, and it appears that this contention may have merit. Indeed, GM does not dispute plaintiffs' description of the relevant discovery events nor does it dispute plaintiffs' description of the timeline of those events. Defendant argues that it failed to locate the tests when it looked for them two years ago, and it notes that the documents were disclosed in the *Spencer* case. GM does not adequately explain, however, why it did not supplement its discovery responses in this case, as required by Fed. R. Civ. P. 26(e).[1]

In granting GM's motion to strike, the Magistrate Judge focused primarily upon whether GM committed a knowing discovery violation by failing to disclose the test results in this case. The Magistrate Judge found no evidence to support such a knowing discovery violation, noting

---

[1]GM conceded that the plaintiffs had requested such test results in Request for Production No. 9, and it seems clear that litigants have a duty to supplement incomplete discovery responses even without a court order so directing.

that GM is a large corporation with voluminous records which are difficult to search. The Magistrate Judge accordingly declined to impose sanctions against GM, and this court does not disagree with her decision in this regard.

The court does find, however, that this case should be remanded so that the Magistrate Judge may consider the arguments raised in plaintiffs' appellate brief. Discovery rules and deadlines serve an important function by prohibiting litigants from utilizing evidence at trial which they failed to timely designate. These rules do not, however, place a duty upon plaintiffs to designate evidence which they had no reason to know existed, particularly when the evidence in question was created by and fully known to defendant and should have been disclosed to plaintiffs in discovery. It is true that plaintiffs should have briefed these issues more fully before the Magistrate Judge, but this court is unwilling to rely on this procedural bar when this issue has only arisen due to defendant's own apparent discovery violations.[2]

---

[2]Defendant also takes issue with plaintiffs' supplemental disclosure of Stephen Syson as a potential witness. Syson is characterized by plaintiffs as a former GM employee who has knowledge of the tests performed by GM, and it is the court's understanding that Syson will serve as a fact, rather than an expert, witness in this case. Defendant argues that plaintiffs did not provide sufficient disclosure of this fact witness's potential testimony, and the court directs that plaintiffs provide any such information forthwith. It clearly seems necessary, however, for the plaintiffs to present some fact witness with knowledge of the tests at issue, and GM has offered no good reason why Syson should not be permitted to testify in this regard. The court is therefore inclined to permit Syson to testify at trial, subject to the plaintiffs' compliance with relevant disclosure requirements relating to fact witnesses.

In light of the foregoing, it is ordered that this matter is remanded to the Magistrate Judge for further consideration, and the respective motions of the parties [167-1, 179-1] are dismissed without prejudice.

So ordered, this the 20th day of February, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**